IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SODERHOLM SALES & LEASING, INC., a Hawaii corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>NATIONAL BUS SALES & LEASING, INC., a Georgia corporation, CHAMPION BUS, INC., a Delaware corporation, and JOHN DOES 1-50, JANE DOES 1-50, DOE AFFILIATES 1-50, AND DOE ENTITIES 1-50,<br><br>      Defendants. | CIVIL. NO. 11-00564 SOM/RLP<br><br>ORDER DISMISSING ACTION AS MOOT |

ORDER DISMISSING ACTION AS MOOT

I.    INTRODUCTION.

      The parties ask this court to determine whether the Motor Vehicle Industry Licensing Act, chapter 437 of the Hawaii Revised Statutes ("MVILA"), is preempted by federal law in the context of governmental procurement processes. Plaintiff Soderholm Sales & Leasing, Inc. ("Soderholm"), argues that the MVILA, which requires that entities dealing in motor vehicles be licensed to do business in the State of Hawaii, was violated by Defendants National Bus Sales & Leasing, Inc. ("National"), and Champion Bus, Inc. ("Champion") (collectively, "Defendants").

      Soderholm moves for a preliminary injunction against

1

Defendants, seeking to enjoin them from providing buses to the City and County of Honolulu or the County of Maui.  National and Champion counter-move for summary judgment on the ground that the MVILA is preempted by the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users, Pub. L. No. 109-59, 119 Stat. 1144 (2005) ("SAFETEA-LU").  Because the court is not presented with a live case or controversy, the court lacks jurisdiction to address the merits of either motion.  This case is dismissed for lack of jurisdiction.

II.  <u>BACKGROUND FACTS.</u>

Soderholm, a Hawaii corporation that sells and leases buses in Hawaii, alleges that it is licensed as a vehicle dealer within the state by the Motor Vehicle Industry Licensing Board.  Compl. ¶ 2, ECF No. 1; Declaration of R. Erik Soderholm ¶¶ 2, 4, attached to Pl.'s Mot. for Prelim. Inj., ECF No. 9-2.

Soderholm alleges that National, a Georgia corporation, is distributing motor vehicles for sale in Hawaii without a license under the MVILA.  Compl. ¶¶ 3-4, ECF No. 1.  National admits that it does not now hold a license issued by the Motor Vehicle Industry Licensing Board.  Defs. National Bus Sales & Leasing, Inc. and Champion Bus, Inc.'s Answer and Affirmative Defenses ("Answer") ¶ 17, ECF No. 15.

Champion, a Delaware corporation located in Michigan, is allegedly manufacturing motor vehicles for sale in Hawaii

without a license under the MVILA. Compl. ¶¶ 5-6, ECF No. 1. Champion admits that it does not now hold a license issued by the Motor Vehicle Industry Licensing Board. Answer ¶ 15.

On or around April 28, 2011, the City and County of Honolulu issued a request for bids (the "RFB") to furnish the Public Transit Division, Department of Transportation Services with buses. See RFB-DTS-386814, attached as Exhibit "B" to Defs. National Bus Sales & Leasing, Inc. and Champion Bus, Inc.'s Separate and Concise Statement of Facts in Supp. of Mot. for Summ. J. ("Defs. CSF"), ECF No. 27-3.

The RFB specified that the contract would be awarded in compliance with SAFETEA-LU and highlighted the provision exempting bidders from state licensing requirements:

> The bid being offered shall be in compliance with the provisions of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), which was signed into law by President Bush on August 10, 2005. Section 3025 of SAFETEA LU states: (i) BUS DEALER REQUIREMENTS – No State law requiring buses to be purchased through in-State dealers shall apply to vehicles purchased with a grant under this chapter.
>
> . . . .
>
> The provisions of the State of Hawaii's Motor Vehicle Industry Licensing Act shall be preempted by Section 3025 of SAFETEA-LU.

RFB at 3, ECF No. 27-3.

By letter dated May 11, 2011, Soderholm requested

3

clarification from the City and County of Honolulu regarding licensing requirements.  See Exhibit "C" to Defs. CSF, ECF No. 27-4.  Among other things, Soderholm asked whether the project would receive federal financing and urged the City and County of Honolulu to "clearly state in this bid that bidders are required to be licensed under HRS 437 . . . ."  Id. at 2.  On June 8, 2011, the City and County of Honolulu responded that the MVILA is preempted by section 3025 of SAFETEA-LU, given the conflict between that section, codified at 49 U.S.C. § 5325(i), and section 437-1(a) of Hawaii Revised Statutes.  See Defs. CSF ¶ 5, ECF No. 27; Pl.'s Separate Concise Statement in Opp'n to Defs. National Bus Sales & Leasing, Inc. and Champion Bus, Inc.'s Mot. for Summ. J. ("Pl. CSF") ¶ 5, ECF No. 38.[1]

Both Soderholm and National submitted bids for the contract.  When bids were opened on June 20, 2011, it was revealed that National had bid $92,850.55 per bus.  Compl. ¶ 24, ECF No. 1.  Soderholm had bid $104,155.00 per bus.  Id. ¶ 25.  On or around June 30, 2011, the City & County of Honolulu awarded National the contract to provide buses manufactured by Champion.  Id. ¶ 19.  Soderholm alleges that the value of the contract to National is at least $3.5 million.  Id. ¶ 21.

---

[1] Although National and Champion offer this fact as supported by Addendum 6 to the RFB, they do not attach Addendum 6 to their CSF.  Soderholm denies this fact and notes the omission without providing the court with a copy of Addendum 6.

4

On or about June 30, 2011, Soderholm filed a protest with the City and County of Honolulu. See Letter from R. Erik Soderholm to T. Wong et al. (June 30, 2011), attached as Exhibit "F" to Defs. CSF, ECF No. 27-7. The protest asserted, among other things, that SAFETEA-LU and the MVILA are not in conflict and that the requirement that all distributors and manufacturers be licensed in Hawaii is therefore not preempted by federal law. See id. Soderholm also filed the present lawsuit. Two weeks after this action was filed, the City and County of Honolulu denied Soderholm's protest. See Letter from W. Imamura to E. Soderholm (Sept. 29, 2011), attached as Exhibit "G" to Defs. CSF, ECF No. 27-8.

On or around October 5, 2011, Soderholm appealed the denial of its protest and requested an administrative hearing with the Department of Commerce and Consumer Affairs ("DCCA"). See Letter from J. Miller to Office of Administrative Hearings (Oct. 5, 2011), attached as Exhibit "H" to Defs. CSF, ECF No. 27-9. In its "Order Granting in Part and Denying in Part Soderholm Sales And Leasing, Inc.'s Motion for Summary Judgment; Order Granting in Part and Denying in Part City and County of Honolulu, Department of Budget and Fiscal Services' Motion for Summary Judgment," the hearings officer determined that Soderholm's protest as to the requirements stated in the RFB was untimely and granted summary judgment in favor of the City and County of

5

Honolulu.  See Exhibit "I" to Defs. CSF, ECF No. 27-10.

The events that followed are germane to this court's jurisdiction.  On December 28, 2011, the DCCA issued its "Hearings Officer's Findings of Fact, Conclusions of Law, and Decision," in which it voided the contract awarded to National on grounds unrelated to the licensing issue.  See Exhibit "5" to Pl. Soderholm Sales & Leasing, Inc.'s Reply Mem. in Supp. Of Mot. For Prelim. Inj., ECF No. 39-2.  The hearings officer also determined that it could not award the contract to Soderholm, because the City and County of Honolulu had rejected Soderholm's bid for non-responsiveness.  Id. at 14.  At the hearing on the present motions, Defendants advised the court that not only had the offer of the contract to National been rescinded, the solicitation itself had also been cancelled.  Soderholm did not disagree.

In the meantime, in or around September 2011, the Department of Transportation, County of Maui had issued a request for bids for a contract to supply the County of Maui with buses. Compl. ¶ 31, ECF No. 1.  National submitted a bid to supply buses manufactured by Champion, and Soderholm submitted its own bid. Id. ¶¶ 32-33.  National's bid was $79,194.00 per bus, and Soderholm's bid was $80,577.00 per bus.  Id.  Soderholm alleges that at the time National submitted its bid, neither it nor Champion was licensed under the MVILA.  Id. ¶ 31.  At the time Soderholm filed its Complaint on September 16, 2011, the County

of Maui had not yet awarded the contract.  Subsequently, on or around October 26, 2011, the County of Maui awarded its contract to Soderholm.  See Declaration of Terry E. Thomason ¶ 13, attached to Defs. CSF, ECF No. 27-1.

III. THIS COURT LACKS JURISDICTION.

Before the court can reach the merits of a case, it must be satisfied that it has before it a live case or controversy.  See U.S. Const., Art. III, § 2.  The Ninth Circuit says, "As a prerequisite to our exercise of jurisdiction, we must also satisfy ourselves that this case is not moot."  Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1173 (9th Cir. 2002).  "An actual controversy must exist at all stages of the litigation. When a controversy no longer exists, the case is moot."  Id.  Because mootness is a jurisdictional issue, a court may raise it sua sponte.  Gator.Com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005) ("Because mootness is a jurisdictional issue, we are obliged to raise it sua sponte." (internal citation and brackets omitted)).

Soderholm's claims are all moot.  The contract with the County of Maui has been awarded to Soderholm, and the award of the contract with the City and County of Honolulu to National was voided by the DCCA.  Soderholm is not presently in any dispute with National and Champion.  Nor is there any basis on which this court could conclude that National or Champion is presently

7

violating the MVILA.  The question of whether Defendants were or are required to be licensed under the MVILA to be awarded any contract with the City and County of Honolulu or the County of Maui is moot.

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  See also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)) (holding that a prisoner's release from prison rendered his habeas corpus petition moot because there was no longer the case or controversy required by the Constitution).  If at any time during the course of litigation a plaintiff ceases to suffer or to be threatened with "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Spencer, 523 U.S. at 7; Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (the court lacks jurisdiction to hear moot cases under article III); Bernhardt v. County of L.A., 279 F.3d 862, 871 (9th Cir. 2002) (noting that, even if a plaintiff has standing at the time her lawsuit commenced, her claims could become moot after filing

8

the lawsuit).

The Ninth Circuit says that in considering mootness, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citing Gemtel Corp. v. Cmty. Redevelopment Agency of City of L.A., 23 F.3d 1542, 1544 n.1 (9th Cir. 1994)). A court "also need not presume the truthfulness of the plaintiffs' allegations." Id. Accordingly, in concluding that Soderholm's claims are moot, this court may properly consider matters of public record, including the DCCA's written order rescinding the City and County of Honolulu's contract with National and terminating the solicitation. See Hearings Officer's Findings of Fact, Conclusions of Law, and Decision, attached as Exhibit "5" to Pl. Soderholm Sales & Leasing, Inc.'s Reply Mem. in Supp. Of Mot. For Prelim. Inj., ECF No. 39-2.

Given the ultimate outcome of both contracts, there is no longer any live controversy. The County of Maui's award of its contract to Soderholm, rather than National, leaves Soderholm with no controversy. The contract with the City and County of Honolulu, originally awarded to National, was terminated by the DCCA hearings officer on other grounds. The City and County of Honolulu's decision not to give Soderholm the contract thereafter was unrelated to National or Champion's status. The entire

solicitation has been cancelled, and Defendants are not presently doing business in Hawaii.

At the hearing on this issue, the court queried counsel for Soderholm as to what live case or controversy remained. Soderholm offered a new exhibit, Exhibit "6," which is a letter from National to the City and County of Honolulu. See Exhibit "6," ECF No. 45. Attached to the letter is a "Champion Bus, Inc. Dealer Data Sheet," which Soderholm represented is an agreement between National and Champion to deal and distribute buses in Hawaii. See id. Soderholm argued that the document's reference to the goal of selling five buses by July 31, 2012, is evidence that National and Champion are currently acting as dealer and manufacturer, respectively, in Hawaii in violation of the MVILA. Soderholm conceded that the purported sales goal in Exhibit "6" is its only evidence that National is currently engaged in selling buses or that Champion is currently engaged in manufacturing buses.

A goal is not evidence that National or Champion is doing anything that Soderholm could sue over. Even assuming the MVILA is not preempted by federal law, this court fails to see how Exhibit "6" establishes that National and Champion are now "engag[ing] in the business as . . . a motor vehicle dealer, salesperson, auction, manufacturer, or distributor in this State," Haw. Rev. Stat. § 437-2, or committing "acts by a person

acting without a license where a license is required by this chapter." Haw. Rev. Stat. § 437-36. An agreement to reach a goal of manufacturing buses is not evidence that the goal has indeed been reached and that the resulting buses are being sold in Hawaii. Exhibit "6" provides no actual case or controversy for this court to resolve.

The court recognizes, of course, that it may rule on claims that are "capable of repetition, yet evading review," as such claims are not barred by the mootness doctrine. Spencer, 523 U.S. at 18. To invoke this exception, a plaintiff must show that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party will be subjected to the same action again." First Nat'l Bank of Bos. v. Bellotti, 435 U.S. 765, 774 (1978) (citation omitted).

The second requirement might be met. This court cannot say that "the challenged conduct cannot reasonably be expected to" continue or be repeated. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)). But Soderholm did win the County of Maui contract and might win the City and County of Honolulu contract the next time around. It might then not be aggrieved by

11

any action by National or Champion, and therefore lack standing to sue Defendants. As the Ninth Circuit puts it, "[a] mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977).

Even if Soderholm might indeed be subjected to the same action again, that action would not evade review. If National and Champion again submit bids in alleged violation of the MVILA, Soderholm can seek review of the requirements in the solicitation by following the procedures in the Procurement Code, chapter 103D of Hawaii Revised Statutes. That is, this is not an issue that will necessarily evade review if it arises again. Review will be evaded only if Soderholm creates that evasion by its own untimeliness. Soderholm does not satisfy the "evasion" element by being tardy. See GTE Cal., Inc. v. F.F.C., 39 F.3d 940, 946 (9th Cir. 1994) (no decision on the merits if "even assuming repetition, [the issues] would not evade review"); Headwater, Inc. v. Bureau of Land Mgm't, Medford Dist., 893 F.2d 1012, 1016 (9th Cir. 1989) ("Assuming, without deciding, that the action challenged is capable of repetition, the 'evasion' prong of the exception is not satisfied. 'Where prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not

one that will evade review.'" (citing Am. Horse Prot. Ass'n, Inc. v. Watt, 679 F.2d 150, 151 (9th Cir. 1982)).

This case does not present an "exceptional situation" capable of repetition yet evading review. See Headwater, Inc., 893 F.2d at 1016 ("This repetition/evasion exception is a narrow one, and applies only in exceptional situations." (internal citations and quotation marks omitted)). The mootness doctrine applies.

IV. CONCLUSION.

As the court is not faced with any live case or controversy, the action is moot. It is dismissed for lack of jurisdiction. All pending motions are terminated, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Soderholm Sales & Leasing, Inc. v. National Bus Sales & Leasing, Inc. et al., Civ. No. 11-00564 SOM/RLP; Order Dismissing Action As Moot.